Yalentine, J.
This was an action on an injunction bond. On the ninth of May, 1870, the plaintiffs in error obtained a temporary injunction against the treasurer of Atchison county, to restrain him from selling certain of their lots in the city of Atchison for certain sidewalk taxes assessed thereon, and they gave said bond to secure the payment of any damages which might be sustained by said treasurer, provided said injunction was wrongfully obtained. On the thirtieth of July, 1872, said injunction was dissolved. Immediately afterwards the plaintiffs in error paid said taxes, and the penalties and costs thereon, and tendered interest thereon at the rate of 7 per cent, per annum. The treasurer refused to receive said 7 per cent, .interest, but claimed interest at the rate of 50 per cent, per annum. The plaintiffs in error refused to pay said 50 per cent, interest, and the treasurer (the successor to the one to whom the bond was given) then commenced this action. The only question in the case, or, at most, the only one we need consider, is whether the treasurer is entitled to said 50 per cent, interest or not. We do not think that he is. There is no statute of this state authorizing the treasurer, or any one else, to receive 50 per cent, interest on taxes until after the prop•erty taxed has been sold for the taxes, and there has never been any sale in this case. But it is claimed there would have been a sale if the same had not been enjoined at the instance of the plaintiffs in error. This may be true, but who would have been the purchaser at such a sale ? Can any one tell ? And no one but a purchaser *is entitled to any interest after such a sale. See section 100, Tax Laws; Gen. St. 1051; Laws 1869, p. 240. In the present case it was the duty of the treasurer to collect said taxes, and then to pay them over to the city of Atchison; and it was the duty of the city of Atchison then to pay. them to W. B. Stebbins, who held the bonds of the city issued for the construction of said sidewalks. Now, suppose that said sale had actually taken place, we are not aware that the city of Atchison had any right to become the *201 ■purchaser thereat; and every man in the world had an equal right with Stebbins, and a superior right to the county of Atchison, to become such purchaser; and the purchaser, whoever he might have been, and wherever he might have resided when he made the purchase, would have paid the taxes, penalty, and costs only, and not ■one cent of interest. Then, if the plaintiffs in error should never re•deem their lots from said supposed sale, no person would ever be entitled to receive any interest; but if they ever should redeem the same, then the purchaser would be entitled to receive the said 50 per -cent, interest. It is true, the redemption money would in such a -case be paid to the treasurer, but he could receive it only “ for the ■use of the purchaser, his heirs, and assignees.” Gen. St. 1051, § 100; Laws 1859, p. 240. But as there was no sale in this case,— -as there is no purchaser, — where -would the treasurer find any person -entitled to receive the said 50 per cent, interest? The views we have expressed are in harmony with section 98 of the tax law, though they do not result therefrom.
The judgment of the court below is reversed, and cause remanded, with the order that judgment be rendered on the special findings of the court below in favor of the plaintiffs in error for the costs in the -district court.
(All the justices concurring.)